UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS V. PERALTA MORBAN (A No. 240 073 450),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE ICE DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:26-cv-1624 DAD CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  For the reasons which follow, the court recommends that habeas relief be granted

I.  Facts

Petitioner is a citizen of the Dominican Republic.  ECF No. 16-1 at 2.  He was admitted into the United States on March 8, 2024, as a visitor.  Id.  The visa expired on September 7, 2024. Id. at 4.

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

On November 25, 2024, ICE learned from the District Attorney's Office of Franklin County, New York that petitioner had been arrested for grand larceny. Id. at 3.

On August 14, 2025, petitioner was apprehended by ICE as he left the town hall in Moira, New York. Id. Petitioner was informed he was being detained due to his expired visa and criminal arrests.[2]

Petitioner was charged with being deportable under 8 U.S.C. § 1227(a)(1)(B), id. at 3, which permits deportation of persons not lawfully in the United States. He was ordered to appear for removal proceedings on September 9, 2025. Id. at 4. The status of removal proceedings is unknown.

Petitioner is housed at the Mesa Verde ICE Detention Facility in Bakersfield. ECF No. 14-1 at 4.

II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III. Analysis

Petitioner asks that the court order respondents to provide petitioner with a hearing which would result in petitioner's release unless it is shown that petitioner is a danger to the public or a flight risk. Respondents agree the petitioner is entitled to such a hearing pursuant to 8 U.S.C. §

---

[2] It appears petitioner was also arrested in New York on March 1, 2025, and charged with two counts of grand larceny. Id. at 4.

2

1226(a).  The only issue put forward by respondents concerns the burden of proof at the hearing. Respondents are correct that under Ninth Circuit precedent, the burden is on petitioner to establish he is neither a flight risk, nor a danger to the community in an initial bond hearing under 8 U.S.C. § 1226(a).  Rodriguez Diaz v. Garland, 53 F.4th 1189, 1210-11 (9th Cir. 2022).

IV.  Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The amended petition for writ of habeas under 28 U.S.C. § 2241 (ECF No. 14) be GRANTED.

2. Respondents be ordered to provide petitioner, within seven (7) days of adoption of these findings and recommendations, a bond hearing pursuant to 8 U.S.C. § 1226(a) at which petitioner must establish that he is neither a flight risk nor a threat to safety such that he is entitled to release from ICE custody.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 7 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within 7 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 29, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
morb1624.imm.frs

3